**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

THOMAS GAVIN,                                          )
                                                       )
                     Plaintiff,                        )
                                                       )
v.                                                     )        CASE NO.: 11-CV-00344 CG/WPL
                                                       )
VILLAGE OF RUIDOSO, by and                             )
through its Board of City Councilors                   )
and DEBI LEE, individually and in her                  )
capacity as the manager for the                        )
Village of Ruidoso,                                    )
                                                       )
                     Defendants.                       )
                                                       )

## PRETRIAL ORDER

This matter is before the Court pursuant to Fed.R.Civ.P. 16.  The parties conferred and submit

the following Pretrial Order.

## I.  APPEARANCES

Attorneys who will try the action:

      For Plaintiff(s)      J. Robert Beauvais
                             P.O. Box 2408
                             Ruidoso, NM 88345
                             (575) 257-6321


      For Defendant(s)
      Mr. Richard Olson/ Mr. Stephen Shanor
      P.O. Box 10
      Roswell, NM 88202-0010
      Tel:  (575) 622-6510
      Fax: (575) 623-9332

      For other parties

1

## II.  JURISDICTION AND RELIEF SOUGHT

**A.  Subject Matter Jurisdiction.**

**1.   Was this action removed or transferred from another forum?**

_ X _Yes  ____No.  If yes, was the action removed or transferred?

__X____ Removed   _____ Transferred

___State of New Mexico____   Original forum

**2.  Is subject matter jurisdiction of this Court contested?**

_ X __   Uncontested  _____ Contested   _____ Party contesting

**3.  Asserted basis for jurisdiction.**

__ X ____ Federal Question   _____ Diversity   _____ Other

Statutory  Provision(s)  Invoked:  __Violation  of  Constitutional  Rights  [42  USC  §1983];

Pendant State Claim _

**B.  Personal Jurisdiction and Venue.**

**1. Is personal jurisdiction contested?**

__ X ____ Uncontested _____ Contested

Identify the party contesting personal jurisdiction and basis for objection:

_____

**2. Is venue contested?**

__ X ____ Uncontested _____ Contested   _____ Party contesting

2

**C.  Are the proper parties before the Court?**

   __X___  Uncontested _____  Contested

If contested, identify each missing party or improper party and the basis for the contention:

**D.  Identify the affirmative relief sought in this action.**

   1.  Plaintiff seeks:  Reinstatement; back pay and lost benefits including retirement

   contributions; compensatory damages for infliction of emotional distress.

   2. Defendant seeks:  The  Defendants  do  not  seek  any  affirmative relief other than

   dismissal of the case with prejudice plus an award of attorney fees to the Defendants.

   3.  Other party seeks:

### III.  BRIEF DESCRIPTION OF NATURE OF CLAIMS/DEFENSES.

**A.  Plaintiff's claims:**

   **1.**  Plaintiff Thomas Gavin complains of violation of rights guaranteed under the United

   States Constitution and state and federal law arising in the context of termination of

   his public employment; including procedural and substantive due process claims,

   retaliation for exercise of protected speech and complaining of illegal or improper

   acts by his employer.

   2.  Gavin was hired on February 6, 2009 and achieved protected status as a Village of

   Ruidoso employee on June 23, 2009.

   3.  Gavin's position was classified and he had a right to a due process hearing before

   and  after  termination  under  the  express  provisions  of  the  Village  of  Ruidoso

   Personnel Ordinance.

   4.  Gavin  received  exemplary  performance  evaluations  including  the  one  given  by

Village of Ruidoso Manager Lee in 2010. Gavin made good faith complaints to his employer and third party agencies outside his chain of command regarding improper or inappropriate conduct by his employer, including allegations the employer violated state and municipal laws, rules and regulations.

5. Village Director and Village Manager Debi Lee suggested Gavin should resign his position as the Village of Ruidoso Fire Chief by letter dated November 15, 2010.

6. A meeting was held between Gavin, Lee and Village of Ruidoso Mayor Ray Alborn on or about December 1, 2010 to discuss Gavin's continued employment with Village of Ruidoso.

7. An agreement was reached that Gavin would resign the title of Village of Ruidoso Fire Chief and accept a lateral transfer to the position of Village of Ruidoso Emergency Manager at the same compensation as Fire Chief.

8. Gavin asserts he had no protected property interest in the position of Fire Chief and could not refuse a lateral transfer under the Village of Ruidoso personnel policy. Village of Ruidoso did not request Gavin to surrender or waive his protected property rights by accepting the lateral transfer.

9. Gavin sent a written communique to Lee on December 1, 2010 indicating his willingness to a lateral transfer to the position of Village of Ruidoso Emergency Manager.

10. Lee accepted the resignation from the title position of Fire Chief and lateral transfer by email sent the same date [December 1, 2010].

11. Gavin consulted an attorney to review the personnel transaction in order to verify

4

Gavin's protected property rights were protected.

12.  As a result of the outside attorney review, a letter was sent to Lee on December 1, 2010 disputing Gavin's resignation was voluntary but conceding Gavin had no protected interest in the position and title of Fire Chief and did not oppose a lateral transfer under the Village of Ruidoso Personnel Policy which protected Gavin's property interest and contained assurances he would suffer no adverse employment action except under due process of law.

13. The Village of Ruidoso attorney responded by letter dated December 2, 2010 contending the letter from Gavin's attorney repudiated the agreement made by Gavin and his employer.  Gavin contends he could not repudiate the lateral transfer as the employer had the unilateral and exclusive right to take the personnel action.

14.  Gavin was given notice of a predetermination hearing under Village of Ruidoso personnel policy which was held on or about December 27, 2010.

15.   At that meeting Gavin stated he remained ready and willing to accept the lateral transfer under the terms and conditions originally agreed between Gavin and his employer.  Lee has stated it was too late to laterally transfer because of the alleged repudiation.

16.  Gavin was terminated by Defendant and Village Manager Lee on or about January 5, 2011.

17.  Gavin perfected his right to a post determination hearing.

18.  After the passage of 2 months without the post determination hearing being set, Gavin filed a complaint in the New Mexico State Court seeking constitutional

review by Writ of Certiorari and alleging other state and federal claims against his former employer.

19.   Gavin, through counsel, send a letter to Village of Ruidoso on or about April 5, 2011 specifically requesting the administrative post determination hearing be held and offering to waive or dismiss the writ of certiorari if the hearing was conducted.

**B.   Defendant's defenses:**  (*A defendant claiming entitlement to qualified immunity must set forth with specificity the basis of the defense.*)

1.      Plaintiff's First Amendment claim is barred because he communicated to the State Fire Marshal pursuant to his official duties regarding handling citizen fire code complaints and discussing potential fire code violations in the Ruidoso Convention Center.

2.      Plaintiff's claim under the New Mexico Whistleblower Protection Act ("WPA") must fail because his alleged communications to the State Fire Marshal do not arise to protected status and, in any event, Defendants had just cause to terminate Plaintiff.

3.      Plaintiff's procedural and substantive due process claims are barred as a matter of law because Plaintiff admits that he did not have a protected property interest in the lateral transfer from the Fire Chief position to the Emergency Management Coordinator position, which transfer Plaintiff requested in the first instance.

4.      Plaintiff (through his attorney) rejected the complete terms of Defendants' offer to transfer, even though Plaintiff's own letter (sent to Defendants prior to his attorney's letter that repudiated the agreement) indicates Plaintiff did understand the terms of the offer to transfer as discussed in a meeting with Defendants.

5.      Once the agreement to transfer was rejected by Plaintiff, Defendants had no

choice but to terminate Plaintiff's employment based on just cause, including a letter of no confidence signed by 20 of the 21 members of the Fire Department, numerous documented performance problems, and Plaintiff's own admission that it was time for him to leave the position as Fire Chief.

6.      Plaintiff's procedural due process claim fails because he was afforded due process after he was terminated.

7.      Defendants offered all the due process protections a classified employee such as the Fire Chief would receive upon termination, starting with a predetermination hearing. Plaintiff did not claim that Defendants retaliated against him during this meeting, but instead focused on the agreement to transfer that his attorney explicitly rejected on his behalf.

8.      After Plaintiff was terminated following the hearing, he requested a post-termination hearing.  Plaintiff's attorney made 54 requests for production of documents upon the Village Attorney, as well as a claim that the proposed hearing examiner was biased.  Although Plaintiff made these burdensome requests and complaints, and the Village Attorney worked in good faith to accommodate them, Plaintiff became impatient and filed this lawsuit even before some of the dates he had given the Village Attorney as his availability for the post-termination hearing.

9.      Plaintiff's substantive due process claim fails because he has not and cannot show that Defendants' conduct in this case "shocks the conscience".

10.      Plaintiff's petition for writ of certiorari should be dismissed because he failed to timely file his petition, or alternatively, there is no basis for overturning the decision of Defendants as Plaintiff did not raise such claims of retaliation or wrongful termination in the pre-

determination hearing.

**C. Claims or defenses of other party(s):**

*(Where counterclaims or cross-claims exist, also give brief description.)*

### IV.  FACTUAL CONTENTIONS UNDERLYING CLAIMS/DEFENSES

**A.  Stipulated Factual Contentions.**

1. The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

2. Thomas Gavin was a protected classified employee of the Village of Ruidoso holding the rank and title of Fire Chief.

**B.  Contested Material Facts.**

**1.** Plaintiff's Contentions:

A. Village of Ruidoso has a civil service type of personnel policy and Gavin become a permanent classified employee prior to his termination on January 5, 2011.

B. Gavin had received uniformly exemplary performance evaluations and had no disciplinary actions charged against him until he self-reported a violation of Village policy regarding charging for liquor with meals.  The Village of Ruidoso Manager initiated a suspension without pay when, while not justified, was accepted by Gavin.

C. Gavin reported two violations of Village ordinances to the State Fire Marshal after the Village of Ruidoso refused to take corrective action.  Gavin contends his action was not in furtherance of his official duties.  Further, the complaints were specifically authorized by the New Mexico Whistleblower Protection Act.

D. In November, 2010, the Village of Ruidoso Manager demanded Gavin tender his resignation as an alternative to being terminated.  Gavin contacted legal counsel and offered to resign his title as Fire Chief but refused to resign his employment.  The Village of Ruidoso Manager issued a letter containing eighty six (86) "findings" which allegedly justified termination.

E. The "findings", even if true, did not establish just cause for termination.  Rather, the termination was in retaliation of Gavin's speaking out on serious violations of municipal policy which constituted a real threat to life and property.

F.  An agreement was reached on or about November 29, 2010 whereby Gavin would resign the title and position of Fire Chief to accept the position of Emergency Management Coordinator at the same status and compensation.

G.   Gavin and Lee exchanged emails on December 1, 2010 regarding the contemplated personnel action.

H.  Lee's response accepting his resignation from the title and position of Fire Chief raised concerned in Gavin's mind that the words used in Lee's acceptance might jeopardize his protected property rights in his public employment.

I.  Gavin retained private counsel who wrote to Lee on December 1, 2010.  The letter acknowledged Gavin had no protected property interest in the title and position of Fire Chief and Gavin would laterally transfer under the Village of Ruidoso personnel policy with his compensation and protected property interest intact.

J.  Rather than effecting the lateral transfer Lee placed Gavin on administrative leave and initiated a termination proceeding.  Gavin contends the action was in retaliation for

9

exercise of protected rights under state and federal law.

K.  At the pre-termination hearing, Gavin reiterated his willingness to laterally transfer and denied his attorney's letter stated anything to the contrary.

L.  Despite the agreement, or unilateral authority of the employer to effect the lateral transfer, Lee claimed the December 1, 2010 letter from Gavin's attorney repudiated the agreement.

M.  Lee has given sworn testimony that "but for" the December 2, 2010 attorney's letter, Gavin would have been laterally transferred to the position of Emergency Management Coordinator.

N.  Gavin was terminated on January 5, 2011 although the stated reasons, while possibly justifying the lateral transfer, did not establish just cause for termination.

O.  There was no basis to proceed to termination once the parties had agreed to the lateral transfer under the Village Personnel Policy.

P.  Plaintiff filed his complain approximately two months after termination when the Village had not scheduled a post termination hearing.  The judicial action included a claim for constitutional review of the employers adverse personnel action by writ of certiorari.

Q. Gavin has obtained other public work but is under employed.  At his age, there is little likelihood he will obtain comparable employment as to his responsibilities and compensation of a municipal Fire Chief.  His damages include the difference in the salary of  the Ruidoso Fire Chief and the salary for later acquired employment as an entry level police officer, the net reduction in his retirement benefits and compensatory damages for intentional infliction of pain and suffering.

2.   **Defendant's Contentions:**

a.      Plaintiff was employed with the Village of Ruidoso as Fire Chief from February 11, 2008 until January 4, 2011.

b.      As Fire Chief, Plaintiff was responsible for managing and operating the Village of Ruidoso Fire Department and for enforcing Village and State Fire Codes.

c.      As Fire Chief, Plaintiff was responsible for responding to and resolving citizen complaints.  He was also required to keep up to date on Emergency Rescue and Fire Suppression methods and practices and to attend the appropriate classes, workshops, training and conferences.

d.      Additionally, as Fire Chief, Plaintiff was authorized and expected to work jointly with outside entities, including the State Fire Marshall, in connection with Fire Prevention and Protection.

e.      Towards the end of his tenure as Fire Chief, Plaintiff's performance deteriorated and his behavior became increasingly erratic, threatening and unprofessional.

f.      On November 15, 2010, the Village Manager provided Plaintiff with a written reprimand which documented the performance issues and policy violations committed by Plaintiff Gavin.

g.      On November 29, 2010, the Village Manager scheduled a meeting with Plaintiff to discuss the performance issues.

h.      Prior to the meeting, on November 24, 2010, Plaintiff sent an e-mail to the Village Manager suggesting he be moved out of the Fire Chief position and into the position of Emergency Management Coordinator.

11

i.      The Emergency Management Coordinator position had previously been a full time funded position, but was unfunded at the time of Plaintiff's transfer request.

j.      On November 28, 2010, in light of Plaintiff's increasingly erratic and unprofessional behavior, members of the Fire Department provided the Village Manager a letter expressing no confidence in Plaintiff's ability to manage and oversee operations of the Fire Department which was signed by 20 of 21 members of the Fire Department.

k.      The Village Manager and the Mayor held a meeting with Plaintiff Gavin on November 29, 2010 to discuss the reprimand of November 15, 2010, the Letter of No Confidence, and Plaintiff's request to be transferred to the Emergency Management Coordinator Position.

l.      At this meeting, Plaintiff Gavin advised the Village Manager that he had put his house up for sale, and that he had intended to move away from Ruidoso with his family. In light of Plaintiff's desire to move, the loss of confidence by the Fire Department, and Plaintiff's request to be transferred, all parties agreed that Plaintiff Gavin should be transferred to the Emergency Management Coordinator position.

m.      Because the position of Emergency Management Coordinator was unfunded at the time, the parties understood and agreed that the Plaintiff would serve as an interim Emergency Management Coordinator for the remainder of the fiscal year.

n.      On November 30, 2010, Plaintiff provided a memorandum to the Village Manager dated December 1, 2010, stating that he was voluntarily resigning his position as Fire Chief.  On December 1, 2010, Plaintiff Gavin announced to the Village firefighters that he was resigning from the position as Fire Chief and being transferred to the Emergency Management

Coordinator position.

o.     Later that same day, December 1, 2010, Plaintiff submitted a letter from his attorney repudiating the agreement with the Village to resign as Fire Chief and accept a transfer to the position of Interim Emergency Management Coordinator.

p.     Because of Plaintiff's repudiation of his agreement to resign from the position of Fire Chief and accept a transfer to the Emergency Management Coordinator position, and because Plaintiff could no longer effectively serve as Fire Chief, the Village had no choice but to proceed to formally terminate his employment.

q.     Prior to his termination, in accordance with Section 7-5(A) of the Village of Ruidoso's Personnel Manual, Plaintiff Gavin received a Pre-Determination hearing.

r.     During the Pre-Determination Hearing, Plaintiff did not claim that he was retaliated against, nor did he argue that there was a lack of just cause for his termination.

s.     At the conclusion of the Pre-Determination Hearing, based upon the Plaintiff's failure to submit any evidence or defense with respect to the Village's allegations concerning Plaintiff's performance as Fire Chief, the Village Manager determined just cause existed for Plaintiff's termination.

t.     Plaintiff, through his attorney, Robert Beauvais, requested a Post-Termination hearing on January 12, 2011.

u.     The Village attorney, Dan Bryant, proposed John Capps an attorney and retired City Manager for the City of Roswell to serve as the Hearing Officer for the Post-Termination hearing.  Plaintiff's counsel, Robert Beauvais raised an objection to Mr. Capps serving as a Hearing Officer on the grounds that Mr. Beauvais had been "retained to pursue

Federal litigation" on behalf of two former police officers.  No further information was provided to support Plaintiff's objection to Mr. Capps.

    v.  The Village attorney, Mr. Bryant, undertook to determine in good faith whether Mr. Capps could serve impartially as a Hearing Officer and determined that he could.

    w.  On March 7, 2011, counsel for the Plaintiff made a formal request pursuant to IPRA for an expansive list of documents.  The next day, March 8, 2011, Mr. Bryant informed Mr. Beauvais that he had been working on assimilating the responsive documents, but that he believed the request to be too broad and burdensome.  Ultimately, three banker's boxes of documents were collected, and on March 11, 2011 Mr. Bryant advised Mr. Beauvais that the documents were available at his office for inspection.

    x.  Plaintiff, through counsel, filed the present lawsuit on March 29, 2011, which was before some of the dates exchanged between Plaintiff's counsel and the Village Counsel, Dan Bryant as dates for a Post-Termination Hearing.

    y.  Subsequent to his termination, Mr. Gavin obtained other public employment through the City of Carlsbad.  Almost immediately he returned to his pre termination earnings level of pay.

## V.  APPLICABLE LAW

**A.  Do the parties agree which law controls the action?**

  __ X __ Yes _____ No

**If yes, identify the applicable law.** 42 USC §1983; Rule 1-074 NMRA; §10-16C-1 et. seq. NMSA

**If no, identify the dispute and set forth each party's position regarding the applicable law.**

**1.** Plaintiff

**2.** Defendant

## VI.  CONTESTED ISSUES OF LAW

**Identify the specific issues of law which are contested.**

**1.** Plaintiff

a.  Whether Defendant's wrongfully refused to laterally transfer Gavin which would have protected his employment after suggesting Gavin resign the position of Fire Chief and Gavin complied.

b.  Whether Gavin engaged in protected speech under the 1st and 14th Amendments.

c.  Whether Gavin perfected his procedural and substantive due process rights to post determination review by writ of certiorari.

d.  Whether Gavin suffered compensatory damages other than special damages with his pay and benefits.

e.  Whether Gavin is entitled to a "wage to wage" analysis of his lost wage claim based on under employment.

f.  Whether Defendants violated Gavin's protected property right.

g.  Whether Defendants retaliated against Gavin for his actions in good faith about illegal or improper employer actions, including retaining counsel to protect his interest in employment.

h.  Whether there is sufficient basis to raise individual constitutional claims against Defendant Lee.

i.  Whether there was any basis to not affect the lateral transfer "but for" the letter

from Gavin's attorney to protect its client.

j.   Whether Gavin could or did "repudiate" an illusory agreement whereby the Defendant had the unilateral and exclusive right to laterally transfer under the personnel policy.

2. Defendant:

a.   Whether Plaintiff has pled a claim for breach of contract.

b.   Whether Plaintiff's First Amendment claim is barred because any statements made by him to the State Fire Marshall, even if accepted as alleged were made pursuant to his official job duties, and not as a citizen as required by the First Amendment.

c.   Whether Plaintiff's substantive and procedural due process claims are barred as Plaintiff was offered and voluntarily refused continued employment with the Village of Ruidoso.

d.   Whether Plaintiff waived his right to a Post-Termination hearing.

e.   Whether Plaintiff has waived his substantive and procedural due process claims.

f.   Whether Plaintiff timely filed a Petition for Review pursuant to Rule 1-075 NMRA.

g.   Whether, even if Plaintiff timely Petitioned for a review of the Village's termination decision, whether there is a basis for overturning the Village's decision, especially in light of the fact that Plaintiff did not raise the issue of retaliation or wrongful termination in his Pre-Determination Hearing.

h.   Whether the Plaintiff failed to mitigate his damages by refusing to accept a

16

transfer within the Village to a position with the same salary and benefits as he was receiving as Fire Chief.

## VII.  MOTIONS

**A.  Pending Motions (indicate the date filed):**

    **1.** Plaintiff- Motion for Partial Summary Judgment filed March 15, 2012

    **2.** Defendant – Motion for Summary Judgment filed by the Defendant on February 27, 2012.

**B.  Motions which may be filed:**

    **1.** Plaintiff- Motion in Limine

    **2.** Defendant – Motion in Limine

The briefing package must be complete and filed with the Court by Friday, June 8, 2012.

## VIII.  DISCOVERY

**A.  Has discovery been completed?**　　　　　 _X___  Yes  _____  No

If no, discovery terminates on  _____.

**B.  Are there any discovery matters of which the Court should be aware?**

## IX.  ANTICIPATED WITNESSES

*Each party is under a continuing duty to supplement this list and the description of anticipated testimony.  This does not, however, apply to a rebuttal witness.  Indicate if the witness will testify in person or by deposition and include a brief description of the anticipated testimony.  If the testimony is by deposition, identify the deposition by page number and line number.  A witness who has not been identified and whose testimony has not been disclosed may not testify at trial unless good cause is shown.*

**A. Plaintiff's Witnesses:**

    <u>**1.**  Plaintiff will call or have available at trial the following witnesses:</u>

    1.    Debi Lee
         313 Cree Meadows Drive
         Ruidoso, New Mexico 88345

         Ms. Lee is expected to testify regarding Mr. Gavin's employment and her roll in his termination including interaction her interaction with other members of the fire department.

    2.    Ray Alborn
         313 Cree Meadows Drive
         Ruidoso, New Mexico 88345

         Mayor Alborn is expected to testify regarding Mr. Gavin's employment and his role in Mr. Gavin's termination.

    3.    Harlan Vincent
         313 Cree Meadows Drive
         Ruidoso, New Mexico 88345

         Mr. Vincent is expected to testify regarding Mr. Gavin's employment; the circumstances surrounding the vote of No Confidence; his attempts to become fire chief and his role in Mr. Gavin's termination.

    4.    Michael Morrow
         313 Cree Meadows Drive
         Ruidoso, New Mexico 88345

         Mr. Morrow is expected to testify regarding Mr. Gavin's qualifications in his employment; the circumstances surrounding the vote of No Confidence; his knowledge of the fire at Lucy's in 2007.

    5.    Mrs. Antonietta Gavin
         904 Hull Road
         Ruidoso, New Mexico 88345

         Mrs. Gavin is expected to testify regarding interaction with Mrs. Freeburg concerning the vote of No Confidence; effects that termination of Mr. Gavin had on the Gavin family; her interactions with Lee, Mayor, and Alborn.

    6.    Thomas Gavin
         c/o J. Robert Beauvais P.A.

P.O. Box 2408
Ruidoso, NM 88345

Mr. Gavin is expected to testify regarding his employment as the Village of Ruidoso Fire Chief.

**2.**  Plaintiff may call the following witnesses:

1.     Cody Thedford
313 Cree Meadows Dr.
Ruidoso, New Mexico 88345

Mr. Thedford is expected to testify regarding his knowledge of the number of No Confidence votes and discrepancies; Thedford's role in the development and management of the departmental vote; Thedford's family relationship to Vincent.

2.     Michael Loopes
Address Unknown

Mr. Loopes is expected to testify regarding Gavin's work performance; his refusal to sign the Letter of No Confidence; his knowledge of past threats by Vincent against employee jobs.

3.     Ray Nunley
P.O. Box 459
Ruidoso, New Mexico 88345

Mr. Nunley is expected to testify regarding Mr. Gavin's work performance.

4.     Dan Higgins
Address Unknown

Mr. Higgins is expected to testify regarding Gavin's work performance.

5.     Greg Cory
Address Unknown

Mr. Cory is expected to testify regarding Gavin's work performance; knowledge of relationship between Gavin, Lee and Stoddard; knowledge of Fire Trucks Plus Fire Engine Transactions and Contracts.

6.     Ray Wolfe
New Mexico State Fire Marshal's Office
P.E.R.A. Building Room 413
1120 Paseo De Peralta

Santa Fe, NM 87501

7.      Shawn Fort
        313 Cree Meadows Dr.
        Ruidoso, New Mexico 88345

Mr. Fort is expected to testify regarding his knowledge of fire inspections conducted at Lucy's; Mr. Gavin's work performance.

8.      Dave Nolta
        313 Cree Meadows Dr.
        Ruidoso, New Mexico 88345

Mr. Nolta is expected to testify regarding Mr. Gavin's work performance; his knowledge of fire code inspection of Lucy's.

9.      Angel Shaw
        313 Cree Meadows Dr.
        Ruidoso, New Mexico 88345

Ms. Shaw is expected to testify regarding Mr. Gavin's work performance; her knowledge of Lucy's Restaurant code violations.

10.     William Morris
        Address unknown

Mr. Morris is expected to testify regarding violations at Ruidoso Convention Center.

11.     Elaine Reynolds
        Address unknown

Ms. Reynolds is expected to testify regarding Mr. Gavin's work performance; events that occurred within the fire department after Mr. Gavin's termination.

12.     Tania Proctor
        313 Cree Meadows Drive
        Ruidoso, New Mexico 88345

Ms. Proctor is expected to testify regarding Village policies; Gavin's position and performance ratings.

13.     Vicki Lichtenberger
        313 Cree Meadows Dr.
        Ruidoso, New Mexico 88345

Ms. Lichtenberger is expected to testify regarding use of government credit card; Village violations associated with government credit card use.

14.     Dennis Haas
        Address unknown

Mr. Haas is expected testify regarding Gavin's work performance; his knowledge of fire code issues in the Ruidoso Convention Center and other Village owned buildings.

15.     The above witnesses and others may be called as necessary for rebuttal purposes

16.     Additional witnesses may be called as custodians of records sought to be introduced

## B.  Defendant's Witnesses:

**1.**  Defendant will call or have available at trial the following witnesses:

a.      Debi Lee
        c/o Hinkle, Hensley, Shanor & Martin, LLP

It is anticipated that Ms. Lee will testify consistent with her deposition testimony. More specifically, she will be called to testify as to the Plaintiff's employment with the Village of Ruidoso, Plaintiff's erratic and unprofessional behavior, poor leadership, and other work performance issues, his termination, and the events which occurred at Plaintiff's Pre-Determination Hearing.

b.      Ray Alborn
        c/o Hinkle, Hensley, Shanor & Martin, LLP

It is anticipated that Mayor Alborn will testify consistent with his deposition, including Plaintiff's termination, his erratic and unprofessional behavior, and poor leadership style, and other work performance issues.

c.      Harlan Vincent
        c/o Hinkle, Hensley, Shanor & Martin, LLP

It is anticipated that Mr. Vincent will be called to testify consistent with his deposition, including Plaintiff's erratic and unprofessional behavior, his own interactions with Plaintiff, and Plaintiff's reputation and effectiveness within the Fire Department.

d.      Dan Bryant, Village Attorney
        P.O. Box 2300

Ruidoso, NM  88355-2300

Mr. Bryant may be called to testify consistent with the Affidavit submitted in this proceeding. His testimony shall include the discussions he had with Plaintiff regarding the transfer to the position of Emergency Manager Coordinator, and his communications with counsel for the Plaintiff, Robert Beauvais regarding the scheduling of the post termination hearing, and concerns raised about the hearing officer selected for the post termination hearing, John Capps.  He may also be called to testify regarding the requests for information and efforts that he undertook to comply with the requests for information, including the assembly of the documents.

      e.      Thomas Gavin, Plaintiff
              c/o Robert J. Beauvais, Esq.

**2.** Defendant may call the following witnesses:

      a.      Tania Proctor, Human Resource Director
              Village of Ruidoso

May be called to testify regarding Plaintiff's erratic and unprofessional conduct, and the Pre-Determination Hearing.

      b.      Carl Bartley, CEO
              Citi-Bank, New Mexico

Mr. Bartley may be called to testify regarding Plaintiff's unprofessional behavior with respect to inspections preformed at his bank.

      c.      Ray Wolfe, State Fire Marshall

Mr. Wolfe may be called to testify regarding his contact and communication with Plaintiff.

      d.      The following firemen with the Village of Ruidoso who signed Letters of No Confidence regarding Plaintiff, and may be called to testify regarding their reasons for signing the letters, and Plaintiff's management and leadership within the fire department:

        1      Cody Thatford
        2.     Cody Wilson
        3.     Jerry Corliss
        4.     Jared Wilson
        5.     John Hobbs

6.     Dayne Hall
7.     Benjamin Tanner
8.     John Herring
9.     Luke Wilson
10.    Cameron Sidwell
11.    Alan Parker
12.    Chris Berryhill
13.    Cade Hall
14.    Michael Friberg
15.    Steve Gonzales
16.    Adam Gonzales
17.    Randy Eikanhger
18.    Christian Hurst
19.    Ryan Ruiz
20.    Chase Tanner
21.    Mario Jiminez

    e.     George Rhodes, Ph.D. (Expert)
             c/o Hinkle, Hensley, Shanor & Martin, LLP

It is anticipated that Dr. Rhodes will testify consistent with his economic report, and deposition.

    f.     Thomas W. Aurnhammer (Expert)
             c/o Hinkle, Hensley, Shanor & Martin, LLP

It is anticipated that Mr. Aurnhammer will testify consistent with his report.

    g.     Additional witnesses may be called as custodians of records sought to be introduced.

## X. TRIAL PREPARATION

**A.  Exhibits.**

The parties must confer over all trial exhibits.  This does not apply to rebuttal exhibits that cannot be anticipated before trial.  The parties must file an original plus three (3) copies of the parties' "consolidated exhibit list identifying all exhibits that the parties have stipulated are admissible" and a "consolidated exhibit list identifying all exhibits the parties have stipulated to be authentic, but to which there are other objections" no later than 10 calendar days before trial.

For those exhibits on which a stipulation could not be reached, the offering party must file a separate "contested exhibit list" no later than 10 calendar days before trial.  An original plus three (3) copies of each party's contested exhibit list must be filed on the date identified in the preceding paragraph.  In addition, two courtesy copies of the contested and uncontested exhibit list must be delivered to the judge's chambers.

All exhibits must be marked before trial.  Exhibits must be marked numerically and identify the party offering the exhibit.  The identification number or letter will remain the same whether the exhibit is admitted or not.

**B.  Witness Lists.**

An original and three (3) copies of a party's witness list must be filed with the Clerk and served on all parties by June 13, 2012.  Indicate whether the witness is testifying by deposition or in person.  Objections to use of deposition testimony are due within fourteen (14) calendar days of service of the witness list.  The objecting party must highlight those portions of the requested deposition testimony to which the party objects.  Plaintiff must use a yellow highlighter and defendant must use a blue highlighter.  The parties must confer about any disputes and, if unable to resolve any differences, must notify the Court in writing at least 10 calendar days before trial.

**C.  Voir Dire.**

**1.**  If allowed, do the parties wish to participate in *voir dire*?

Plaintiff    __X__  Yes_____  No

Defendant    __X__  Yes  _____  No

**2.**  Each party wishing to participate in *voir dire* must serve on all parties and file with

the Clerk, a pleading entitled "Proposed Voir Dire Questions." The pleading must identify the specific areas about which the party wishes to inquire and must set forth proposed *voir dire* questions. This request must be filed at least 10 calendar days prior to jury selection.

**D.  Jury Instructions and Verdict.**

**1. In General.** The parties must confer about proposed jury instructions. The Court will prepare and provide the parties with a Court-proposed set of general "stock" instructions that will be given. The stock instructions are available from the Clerk. The instructions that the parties must submit to the Court will be those which set forth the elements and definitions of the claims or charges, and the elements and any definitions of any defenses.

**2. Sources for Instructions.** If pattern instructions are followed by the judge, the judge will indicate at the pretrial conference his or her preference for the source of instruction.

**3. Submission of Proposed Instructions.** The parties must submit one mutually approved set of jury instructions no later than 10 calendar days before trial. For those instructions the parties were unable to agree upon, each party must submit its own proposed instructions at the same time as submission of the mutually agreed instructions.

**4. Form of Instructions.**

**a.** Submit sets of double-spaced instructions as follows:

2 set(s) of originals without citations and headed "Instruction No.___"; and

2 set(s) with citations and numbered accordingly, one of which will be filed.

25

**b.** All instructions must be submitted in a format compatible with Word Perfect. In addition to the required hard copies, instructions must also be submitted electronically to GarzasChambers@nmcourt.fed.us.

**c.** Submit no more than one instruction to a page.

**d.** All deviations from pattern instructions must be identified as "modified" in the citation and the modification must be highlighted in the body of the instruction.

**e.** Submit a cover sheet on all sets of instructions.

**5. Deadlines for Submitting Instructions.**

**a.** Instructions shall be filed 10 calendar days before trial.

**b.** Supplemental unanticipated jury instructions may be submitted at trial.

**E.  Statement of Case.**

The parties must confer and submit an agreed statement of the case to the Court that will be read to the jury panel during jury selection.  The statement must be submitted to the Court 10 days before jury selection.

**F.  Submissions for Bench Trials.**

**1.** The parties must submit one mutually approved set of proposed findings of fact and conclusions of law no later than 10 calendar days before trial.  For those findings of fact and conclusions of law the parties were unable to agree upon, each party must submit its own proposed findings of fact and conclusions of law at the same time as submission of the mutually approved set.

**2.** If requested, submit the findings of fact and conclusions of law in a format compatible with WordPerfect.  Please refer to the procedures, available on our website, for

electronically submitting proposed text.

## XI.  OTHER MATTERS

**A.  Settlement Possibilities.**

**1.**  The possibility of settlement in this case is considered:

_____  Poor   __X__  Fair  _____  Good  _____  Excellent  _____  Unknown

**2.**  Do the parties have a settlement conference set with the assigned Magistrate Judge?

_____  Yes   __X__  No   If yes, when?_____

If a settlement conference has already been held, indicate approximate date. October 20,

2011

Would a follow-up settlement conference be beneficial?  __X__  Yes  _____  No

**3.**  Does either party wish to explore any alternatives for dispute resolution such as

mediation or a summary jury trial?  If yes, please identify.

_____  If no, explain why

not._____

**B.  Length of Trial and Trial Setting.**

**1.**  This action is a  _____  Bench trial   __X__  Jury Trial  _____  Both

**2.**  The case is set for trial on June 18, 2012.  If there is no setting, the parties estimate

they will be ready for trial by _____.

**3.**  The estimated length of trial is  __5__  day(s).

## XII.  EXCEPTIONS

**Plaintiff:**

Plaintiff has filed a motion to strike Village of Ruidoso attorney Dan Bryant as a defense

witness.

**Defendants:**

Plaintiff has not plead any claim for breach of contract related to the proposed resignation by Plaintiff from the position of Fire Chief and transfer to the position of interim Emergency Management Coordinator.  As a consequence, any parts of the PreTrial Order that refer to this issue are surplus and not relevant and should be stricken.

## XIII.  MODIFICATIONS-INTERPRETATION

The Pretrial Order when entered will control the course of trial and may only be amended *sua sponte* by the Court or by consent of the parties and Court approval.  The pleadings will be deemed merged herein.

The foregoing proposed Pretrial Order (prior to execution by the Court) is hereby approved this 24th day of April, 2012.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE

*/s/*_____
*Attorney for Plaintiff*
J. Robert Beauvais
P.O. Box 2408
Ruidoso, NM 88345
(575) 257-6321

/s/ Stephen S. Shanor, Esq.
*Attorney for Defendant*
Mr. Richard Olson
Mr. Stephen Shanor
P.O. Box 10
Roswell, NM  88202
(575) 622-6510